UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL FREDERICK GOETZ,

Plaintiff,

v.

HENNEPIN COUNTY, HENNEPIN COUNTY CHILD SUPPORT OFFICE, HENNEPIN COUNTY DISTRICT COURT, and HENNEPIN COUNTY ATTORNEY'S OFFICE,

Defendants.

CIVIL NO. 00-2647 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on Defendants' Motion to Dismiss [Docket No. 8] and Plaintiff's "Motion for Order Denying Motion to Dismiss" [Docket No. 11]. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendants' Motion to Dismiss [Docket No. 8] be granted, and Plaintiff's Motion for Order Denying Motion to Dismiss [Docket No. 11] be denied.

**FINDINGS OF FACT/REPORT**

Plaintiff commenced this action on December 6, 2000 by filing a Complaint [Docket No. 1]. According to the allegations in the Complaint, Plaintiff obtained a divorce in Hennepin County, Minnesota, in August of 1991. Subsequent to entry of the judgment in Plaintiff's divorce, certain provisions of Minnesota Statutes dealing with the dissolution of marriages were amended. The new statutes, and related rules, gave public authorities

FILED JUN 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

the unqualified right to intervene in dissolution proceedings. Pursuant to the new statutes, Hennepin County sought to intervene in Plaintiff's case, in order to amend the 1991 judgment to conform to new child support laws.

Plaintiff alleges that application of both the new intervention standard and the new child support laws to the 1991 judgment violates his right to due process.[1] Plaintiff seeks a permanent injunction enjoining Defendants from enforcing any statutes enacted after 1991 against him through amendments to the 1991 judgment, as well as "[a] judgment declaring that changes in statutory language in the Minnesota marital dissolution Chapter 518, or related Chapters, which would effectively operate to amend the terms of the plaintiff's 1991 judgment if applied, are wholly void as to further proceedings under said judgment." In other words, Plaintiff's contentions are (1) that Hennepin County should not be permitted to intervene in any action to determine his child support payments, and (2) that the amount of child support he has to pay should not be increased pursuant to statutes passed after the date of his original divorce decree.

Subsequent to the filing of the Complaint, a hearing was held in Plaintiff's case on December 20, 2000 in which Hennepin County participated.[2] An Order modifying child support was issued by the Hennepin County District Court on March 19, 2001.

---

1

In his state court proceeding, Plaintiff failed to notify the Minnesota Attorney General of his challenge to the constitutionality of state statutes, as required by Rule 24.04 of the Minnesota Rules of Civil Procedure. Plaintiff has still failed to include any State authority in this case.

2

The Complaint seeks a temporary injunction barring Hennepin County from intervening and participating at this hearing. The Parties agree that this prayer for relief is now moot.

## Discussion

The Complaint lists two statutes as the basis for this Court's jurisdiction: 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). Section 1331 describes federal question jurisdiction; Section 1343(a)(3) provides:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

Defendants make three arguments in support of their Motion to Dismiss. First, they assert that Defendants Hennepin County Child Support Office and Hennepin County Attorney's Office are not separate legal entities capable of being sued. Second, they argue that the Court does not have jurisdiction over this case, because it falls within the domestic relations exception. Finally, they argue that the Court should abstain from exercising jurisdiction in this case pursuant to the Younger abstention doctrine.

## I. DEFENDANTS HENNEPIN COUNTY CHILD SUPPORT OFFICE, HENNEPIN COUNTY ATTORNEY'S OFFICE, AND HENNEPIN COUNTY DISTRICT COURT SHOULD BE DISMISSED.

The Hennepin County Child Support Office and the Hennepin County Attorney's Office are offices within Hennepin County. They are not independent legal entities, and are not subject to suit. See In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(citations omitted), aff'd sub nom. Myers v. Scott County, 868 F.2d 1017 (8th Cir. 1989). Hennepin County itself is a named defendant in this case. The Complaint should be dismissed as to its dependent offices, the Hennepin County Child

Support Office and the Hennepin County Attorney's Office.

As with the Hennepin County Attorney's Office and the Hennepin County Child Support Office, we doubt that the Hennepin County District Court is a separate legal entity subject to suit, and therefore dismissal is appropriate. The Motion to Dismiss is made on behalf of all Defendants except the Hennepin County District Court, because Hennepin County asserts that the court is an agency of the State of Minnesota rather than Hennepin County. While Hennepin County has not supported this assertion, it appears to be correct. See State ex rel. Dann v. Hutchinson, 288 N.W. 845, 846 (Minn. 1939)("however local its operation may be in most cases, the administration of justice is a state affair"); State ex rel. Rosckes v. Dreger, 106 N.W. 904, 906 (Minn. 1906)("It is true the state may, and often does, act through the agency of a municipality. But the courts, supreme, district, probate, justice of the peace, and municipal, are the state's courts."). Because Plaintiff has not attempted to serve any state official in this action, an alternate ground for dismissal exists pursuant to Fed. R. Civ. P. 4(m).

## II. THE DOMESTIC RELATIONS EXCEPTION DOES NOT APPLY.

Defendants argue that the domestic relations exception applies in this case, because Plaintiff is asking a federal court to enjoin a State from "modifying a child support decree and otherwise enforcing state child support laws." Plaintiff argues that the domestic relations exception does not apply because he is not asking the Court to issue a divorce, alimony, or child custody decree. Plaintiff is asking the Court to declare Minn. Stat. §518.551, subd. 9(b) unconstitutional as applied to him, and to declare that Hennepin County has lost its right to continue as an intervener in Plaintiff's IV-D case because it failed to intervene in a timely manner.

The Supreme Court has held that a domestic relations exception exists, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). This exception is a narrow one. Lannan v. Maul, 979 F.2d 627, 631 (8th Cir. 1992)(citing Ankenbrandt). It is rooted in the long-standing practice of the federal courts, as well as the fact that state courts are better equipt to provide the monitoring that is often required after a divorce, alimony, or custody decree is issued. Ankenbrandt, 504 U.S. at 703-04.

The domestic relations exception precludes federal courts from exercising jurisdiction over certain cases where federal jurisdiction would otherwise be based on diversity of citizenship. Kahn v. Kahn, 21 F.3d 859, 860 (8th Cir. 1994). Defendants urge the Court to extend the exception to cases, such as the instant case, where federal jurisdiction is premised on the existence of a federal question. We decline to do so, because such an extension would be inconsistent with the decisions of the Eighth Circuit, as well as the majority of its sister circuits. See United States v. Crawford, 115 F.3d 1397, 1401-02 (8th Cir. 1997)(domestic relations exception to diversity jurisdiction does not apply where federal jurisdiction is based upon federal statute)[3]; Catz v. Chalker, 142 F.3d 279, 290-92 (6th Cir. 1998)(discussing inapplicability of domestic relations exception); Fernos-Lopez v. Lopez, 929 F.2d 20, 22-23 (1st Cir. 1991)(domestic relations exception not applicable because jurisdiction is not premised on diversity); Ingram v. Hayes, 866 F.2d 368, 370 (11th Cir. 1988)(district court properly exercised jurisdiction over §1983 action

3

Bergstrom v. Bergstrom, 623 F.2d 517 (8th Cir. 1980), cited by Defendants, is inapposite. The court's decision in Bergstrom was based on the conclusion that the federal constitutional issue was not ripe for decision.

despite its domestic relations genesis, because domestic relations exception applies only to diversity jurisdiction); Flood v. Braaten, 727 F.2d 303 (3d Cir. 1984)(federal court had jurisdiction to enforce state court compliance with federal child custody statute).

In this case, Plaintiff has alleged jurisdiction based upon the existence of federal questions, not diversity of citizenship. The domestic relations exception to federal jurisdiction does not apply because this is not a diversity case.[4]

## III. THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION PURSUANT TO THE *YOUNGER* DOCTRINE.

"The Younger abstention doctrine, . . . directs federal courts to abstain from accepting jurisdiction in cases where equitable relief is requested and where granting such relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism." Night Clubs, Inc. v. City of Fort Smith, Arkansas, 163 F.3d 475, 476 n.1 (8th Cir. 1998)(citing Younger v. Harris, 401 U.S. 37 (1971)). The Younger doctrine began in a criminal case, but has since been extended to encompass civil and certain administrative proceedings. Night Clubs, 163 F.3d at 479. As explained by the Eighth Circuit:

> There are essentially three issues that must be addressed in determining whether to invoke the Younger abstention doctrine: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise

---

4 We need not reach the more complicated question of whether this case may be sufficiently intertwined with state child support laws to qualify it as a domestic relations case. However, at first glance it appears that the question of whether or not Hennepin County may intervene is a procedural one, and it is highly unlikely that the domestic relations exception would apply to this aspect of Plaintiff's claims.

> constitutional challenges. . . . If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'

Night Clubs, 163 F.3d at 479 (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)). Younger abstention represents one exception to the general rule that federal courts have a "virtually unflagging" duty to exercise jurisdiction. Night Clubs, 163 F.3d at 478 (citations omitted).

The first question for the Court is whether the actions complained of by Plaintiff are part of an ongoing state proceeding. Plaintiff's ex-wife started an action in Minnesota state court in May of 2000, seeking to modify the 1991 divorce judgment. Defendant Hennepin County intervened in the action. On October 19, 2000, Plaintiff moved to dismiss the state court action. A hearing was held on Plaintiff's motion before a Child Support Magistrate in Hennepin County District Court on December 20, 2000. The Child Support Magistrate issued an Order on March 19, 2001, denying Plaintiff's motion to dismiss and granting the request to modify Plaintiff's child support obligation. Motions for review were made, and an amended Order was issued on May 25, 2001. The Child Support Magistrate's decision is appealable to the Minnesota Court of Appeals. It is not clear from the Parties' submissions whether an appeal has been filed.

Defendants assert, without support, that there is an "ongoing state proceeding" because the state court action before the Child Support Magistrate was still pending at the time Plaintiff filed the Complaint in this case. However, circumstances have changed, and the proceedings before the Child Support Magistrate are apparently complete.

Certainly, an existing case in state court constitutes an ongoing state proceeding for purposes of Younger abstention. See, e.g., Yamaha Motor Corp., U.S.A. v. Stroud, 179 F.3d 598, 602 (8th Cir. 1999). The question is, if a final order has issued from a state court, is the existence of a potential appeal sufficient to create an ongoing state proceeding? The answer appears to be "yes." "[P]arties may not avoid the strictures of Younger simply by allowing a state judgment to become final." Allegheny Corp. v. Pomeroy, 898 F.2d 1314, 1317 (8th Cir. 1990)(citing Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)). Federal district courts should not put themselves in a position where they would be in effect substituting for state appellate courts. Id. Therefore, because Plaintiff still has avenues of appeal open to him in state court, the first prong of Middlesex is satisfied in the instant case – there is an ongoing state proceeding.

The Court's second inquiry is whether the proceedings implicate an important state interest. The State has a vital interest in ensuring proper maintenance and support of minor children within its borders. See, e.g., Yarborough v. Yarborough, 290 U.S. 202, 225 (1933). This case involves a the terms of a child support order, and therefore the second prong of Middlesex is satisfied.

Our third inquiry is whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. Plaintiff included federal constitutional claims in his motion to dismiss in state court, stating that he "reserved the right" to have a federal court hear them. Plaintiff's statement in his motion did not indicate that he only wanted a federal court to hear the challenges, but appeared to be an attempt to ensure

review by a federal court.[5] In any event, the relevant question is not whether Plaintiff actually raised federal constitutional challenges in state court, but whether Plaintiff could have presented his federal claims in the state proceeding. See Moore v. Sims, 442 U.S. 415, 425 (1979)(citations omitted). "[A]bstention is appropriate unless state law clearly bars the imposition of the constitutional claims." Id. at 425-6.

There is no indication that Plaintiff was barred from bringing the federal constitutional challenges in his Complaint during the state proceedings. Since Plaintiff had adequate opportunity to raise constitutional arguments, the third prong of Middlesex is satisfied.

We have answered all three Middlesex questions in the affirmative, and therefore we conclude that the District Court must abstain from exercising jurisdiction over this case unless it detects bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate. Middlesex, 457 U.S. at 435. While we recognize that Plaintiff may feel an injustice has occurred, we see no indication that the State has been pursuing this case in an improper manner. We conclude that the Court should abstain from exercising jurisdiction over Plaintiff's claims pursuant to the Younger doctrine. The Complaint seeks only equitable relief so dismissal of the Complaint, rather than issuance of a stay, is the appropriate course. See Night Clubs, 163 F.3d at 481 (citations omitted).

---

5

Plaintiff suggests in his Memorandum that the Child Support Magistrate who heard his case was not a "competent tribunal" to hear federal questions, because the position is statutorily created. See Minn. Stat. §484.702, subd. 3. The fact that a court's jurisdiction is limited to child support matters does not limit its authority to hear any relevant arguments on those matters, including federal constitutional challenges.

Although we decline to exercise jurisdiction over Plaintiff's federal claims, he is not without recourse. The Minnesota state courts are as well equipped as this Court to consider the constitutionality of the Minnesota state statutes challenged by Plaintiff. We find no reason why this Court should exercise concurrent jurisdiction over questions which can readily be determined in state court.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss [Docket No. 8] be granted, and Plaintiff's Motion for Order Denying Motion to Dismiss [Docket No. 11] be denied.

Dated: June 18, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **July 3, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.