UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2647 (DSD/JMM)

Paul Frederick Goetz,

Plaintiff,

v. **ORDER**

Hennepin County, Hennepin County Child Support Office, Hennepin County District Court and Hennepin County Attorneys Office,

Defendants.

This matter is before the court on plaintiff's objections to the report of Magistrate Judge John M. Mason dated June 18, 2001. In his report, the magistrate judge concluded that plaintiff's constitutional challenge to certain provisions of the Minnesota Statutes dealing with the dissolution of marriage and the state's right to intervene in child support proceedings could have been addressed in the course of pending state court proceedings and thus pursuant to the Younger abstention doctrine, defendants' motion to dismiss must be granted.

Plaintiff objects to the recommended dismissal of his complaint, arguing that the court misunderstood his claims. Specifically, plaintiff contends that he seeks a declaration that the Constitution does not permit the retroactive application of a new intervention standard to plaintiff's child support proceedings,

FILED JUL 19 2001
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

therefore the county's right to intervene should be analyzed under standards which were in place in 1991, at the time of his divorce. Plaintiff further seeks a declaration that under the 1991 standards, the county's intervention is untimely and subject to dismissal. Finally, plaintiff rejects the applicability of the Younger abstention doctrine to his claim.[1]

After reviewing plaintiff's complaint and the briefing by the parties on defendants' motion to dismiss, it is apparent that the magistrate judge understood plaintiff's claims. As the magistrate judge's report reflects, the gravamen of plaintiff's complaint is that the county's use of a 1999 change in statutory law to intervene in the modification of plaintiff's 1991 child support order is unconstitutional. Plaintiff claims that had the state court required the county to observe the intervention procedures available to it as of 1991, it would have concluded that the county's attempt to intervene was untimely.

In concluding that plaintiff's federal lawsuit must be dismissed, the magistrate judge noted that plaintiff clearly alleged in the state court proceedings that the county's intervention contravened federal law. Further, there was no

---

[1] "The Younger abstention doctrine ... directs federal courts to abstain from accepting jurisdiction in cases where equitable relief is requested and where granting such relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism." Night Clubs, Inc. v. City of Fort Smith, 163 F.3d475, 476 n.1 (8th Cir. 1998)(citing Younger v. Harris, 401 U.S. 37 (1971)).

indication that plaintiff was barred from fully adjudicating his constitutional challenge during those state court proceedings. Under these circumstances, abstention is clearly appropriate. Moore v. Sims, 442 U.S. 415, 425 (1979).

Therefore, based on a de novo review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss plaintiff's complaint with prejudice [Doc. No. 8] is granted.

2. Plaintiff's motion for an order denying motion to dismiss [Doc. No. 11] is denied.

3. Plaintiff's complaint is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 19, 2001

David S. Doty, Judge
United States District Court

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.